Jaime **PINEDA, Jorge Reyes, and Mariano Vargas, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**JIM–MAR CONSULTANTS, INC., d/b/a Jim–Mar Marble & Granite, Jim–Mar Marble & Granite of NYC, Inc., d/b/a Jim–Mar Marble & Granite, and James Gambino, an individual, Defendants.**

No. CV 09–5266(ADS)(AKT).

United States District Court, E.D. New York.

Sept. 27, 2010.

Marijana F. Matura, Troy L. Kessler, Shulman Kessler LLP, Melville, NY, for Plaintiffs.

John L. Juliano, John L. Juliano, East Northport, NY, for Defendants.

## MEMORANDUM AND ORDER

A. KATHLEEN TOMLINSON, United States Magistrate Judge:

### I. PRELIMINARY STATEMENT

Plaintiffs Jaime Pineda, Jorge Reyes and Mariano Vargas ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated, seeking unpaid minimum wage and overtime compensation from Defendants Jim–Mar Consultants, Inc., d/b/a Jim–Mar Marble & Granite, Jim–Mar Marble & Granite of NYC, Inc., d/b/a Jim–Mar Marble & Granite (collectively "Jim–Mar"), and James Gambino ("Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*, and the New York State Labor Law §§ 650 *et seq.*

Currently before the Court is Plaintiffs' motion for conditional certification as an FLSA collective action pursuant to 29 U.S.C. § 216(b) ("Section 216(b)"). *See* DE 11. Based upon my review of the parties' submissions and the applicable case law, and for the reasons set forth below, Plaintiffs' motion to conditionally certify the collective action is hereby GRANTED.

### II. BACKGROUND

Plaintiff Jaime Pineda was employed by Defendants as a fabricator from approximately April 2001 until April 2009. Compl. ¶¶ 9–10. Plaintiff Jorge Reyes was also employed by Defendants as a fabricator from approximately May 2006 until January 2007. Compl. ¶¶ 13–14. Another Plaintiff, Mariano Vargas, was also employed by Defendants as a fabricator from 2005 until approximately April 2007. Compl. ¶¶ 17–18. Defendants are engaged in the granite business. Compl. ¶¶ 22, 27. Defendant James Gambino is alleged to be the President, Vice–President, Chief Executive Officer and shareholder of Jim–Mar, and, as such, has the authority over personnel and payroll decisions. Compl. ¶¶ 29–47. Plaintiffs allege that the Defendants constitute a joint employer and that the activities of the Defendants establish that they are an enterprise under the FLSA. Compl. ¶¶ 48–49.

Plaintiffs contend that they were required to be paid overtime pay at the statutory rate of time and one-half the regular rate of pay after working more than 40 hours in a workweek. Compl. ¶¶ 52, 59, 66. In most workweeks, Plaintiffs claim that they worked more than 60 hours for the Defendants during their employment. Compl. ¶¶ 53, 60, 67. Further, Plaintiffs allege that Defendants failed to compensate them at the statutory minimum wage. Compl. ¶¶ 54, 61, 68. The Complaint asserts that there are over 10 current and former employees who are similarly situated to the Plaintiffs in that they have also been denied overtime compensation. Compl. ¶ 74.

### III. DISCUSSION

The FLSA provides, in pertinent part, as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.... An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party

and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Section 216(b) provides an employee with a private right of action to recover overtime compensation and/or minimum wages. *Id.* (cited in *Bifulco v. Mortgage Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y.2009) (citations omitted)). "Although the FLSA does not contain a class certification requirement, such orders are often referred to in terms of 'certifying a class.'" *Bifulco*, 262 F.R.D. at 212 (citations omitted).

Courts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective action. First, the court determines whether the proposed class members are "similarly situated." *Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 480 (E.D.N.Y.2001). If the court decides in the affirmative, then the proposed class members must consent in writing to be bound by the result of the suit, or "opt-in." *Id.* (citing 29 U.S.C. § 216(b)) (additional citations omitted). The second step, which typically occurs after the completion of discovery, requires the court to make factual findings whether the class members are "actually 'similarly situated.'" *Bifulco*, 262 F.R.D. at 212. "At that juncture, the court examines the evidentiary record to determine whether the 'opt-in' plaintiffs are, in fact, similarly situated to the named plaintiff." *Id.* (citations omitted).

■ The instant decision concerns only the first step—whether the proposed opt-in members are "similarly situated" such that conditional certification should be granted. At this stage, "the evidentiary standard is lenient," *Rubery v. Buth–Na–Bodhaige, Inc.*, 569 F.Supp.2d 334, 336 (W.D.N.Y.2008), and "plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'"

*Doucoure v. Matlyn Food, Inc.*, 554 F.Supp.2d 369, 372 (E.D.N.Y.2008) (quoting *Hoffmann v. Sbarro*, 982 F.Supp. 249, 261 (S.D.N.Y.1997)). Courts have repeatedly stated that Section 216(b)'s "similarly situated" requirement is "considerably less stringent" than the requirements for class certification under Rule 23. *Rodolico*, 199 F.R.D. at 481 (citing cases). "In making this showing, 'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan' is required." *Sexton v. Franklin First Fin., Ltd.*, No. 08–CV–4950, 2009 WL 1706535, at *3 (E.D.N.Y. Jun. 16, 2009) (quoting *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y.2005)). Courts do not require proof of an actual FLSA violation, "but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." *Sobczak v. AWL Industries, Inc.*, 540 F.Supp.2d 354, 362 (E.D.N.Y.2007).

■ This determination is typically "based on the pleadings, affidavits and declarations[.]" *Sexton*, 2009 WL 1706535, at *3 (quoting *Hens v. ClientLogic Operating Corp.*, No. 05 Civ. 381S, 2006 WL 2795620, at *3 (W.D.N.Y. Sept. 26, 2006)); *see also Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."); *Wraga v. Marble Lite, Inc.*, No. 05 Civ. 5038, 2006 WL 2443554, at *2 (E.D.N.Y. Aug. 22, 2006) (granting approval of a collective action notice "based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees").

In the instant case, Plaintiffs allege that they were subjected to the same FLSA violations as the potential opt-in plaintiffs while employed by the Defendants. *See* DE 11 at 2. Named Plaintiffs Jaime Pineda and Jorge Reyes as well as potential opt-in plaintiff Antonio Jimenez submitted affidavits stating that all the laborers that the Defendants employed worked in excess of 40 hour weeks, without being provided with proper payment for overtime. *See* Affidavits of Jaime Pineda ("Pineda Aff."), Jorge Reyes ("Reyes Aff."), and Antonio Jimenez ("Jimenez Aff."), at ¶¶ 6–7, 9 respectively, attached as Exhibits 1, 2 and 3 to Plaintiffs' Motion for Conditional Certification of a Collective Action (DE 11). Further, the three affidavits submitted specifically name additional co-workers, employed as fabricators and installers, who also were allegedly not properly compensated for their overtime by the Defendants. *See* Pineda Aff., ¶¶ 7–8, 12 (Plaintiff Pineda names 13 other fabricator employees of Defendants who allegedly worked in excess of 40 hours a week and were not properly compensated); Reyes Aff., ¶¶ 7–8, 12 (Plaintiff Reyes named 8 fabricators and 5 installer employees of Defendants who allegedly worked in excess of 40 hours a week and were not properly compensated); Ex. 3, ¶¶ 7–8, 12 (potential Plaintiff Antonio Jimenez names 6 other fabricators and 5 installer employees of Defendants who allegedly worked in excess of 40 hours a week and were not properly compensated). Pineda states that his knowledge of the other laborers working in excess of 40 hours a week is based upon the fact that they had schedules similar to his or they specifically told him that they worked more than 40 hours per week, including Jorge Reyes, Alex Ortega and Jeremiah Ortega. *See* Pineda Aff., ¶¶ 7, 12. These sworn assertions, along with the names of other affected co-workers, are also made by Jorge Reyes and Antonio Jimenez. *See* Reyes Aff., ¶¶ 7, 12; Jimenez Aff., ¶¶ 7, 12.

Defendants oppose Plaintiffs' request for conditional certification and rely primarily on *Hoffmann v. Sbarro,* 982 F.Supp. 249 (S.D.N.Y.1997). *See* DE 12 at 2. Defendants claim that *Hoffmann* stands for the proposition that not only must class members be similarly situated, but they must also sign an authorization and file it with the court in which the suit is brought for inclusion in the action *Id.* Thus, Defendants argue that with the exception of the affidavit of Antonio Jimenez, no other class members or similarly situated employees have signed authorizations to become members of this alleged collective action. *Id.* The Court finds that Defendants' argument "puts the cart before the horse."

First, the facts in *Hoffmann* are different from those in instant case. The plaintiffs in *Hoffmann* were a group of restaurant managers whom Sbarro claimed were "exempt" employees under the FLSA. *Hoffmann v. Sbarro,* 982 F.Supp. at 251. That is not the case here where Plaintiffs and potential Plaintiffs' jobs are described as fabricators and installers and Defendants do not even raise an issue as to any "non-exempt" status under the FLSA. Likewise, then District Court Judge Sotomayor spent much of her decision in *Hoffmann* discussing the "salary basis" test of the FLSA, which also is not applicable in the instant circumstances. *Id.* at 253–60.

In addition, Defendants misread Judge Sotomayor's decision. Specifically, *Hoffmann* does not set out a two-pronged requirement that the class members be "similarly situated" *and* that they sign an authorization for inclusion in the action before the litigation is certified as a collective action and the notice of pendency can be sent out (nor does Defendants' counsel provide a specific page citation in the *Hoffmann* decision in support of this argu-

ment). To the contrary, Judge Sotomayor *granted* the motion for expedited notice brought by the Plaintiffs in *Hoffmann* without requiring written consents from those Plaintiffs in advance. The one quote Defendants cite from *Hoffmann* is found at 982 F.Supp. at 260 where the court also discusses the fact that under the FLSA, a potential plaintiff is required to " 'opt in' *to a collective action* to be bound by the judgment (and to benefit from it)." *Id.* (emphasis supplied). The "opt-in" aspect, in terms of timing, follows upon conditional certification of the suit as a collective action so that potential Plaintiffs can "opt-in" in response to the notice of pendency. In fact, the court in *Hoffmann* went on to note that "the threshold issue in deciding whether to authorize class notice in an FLSA action is whether Plaintiffs demonstrated that potential class members are 'similarly situated,' " adding that this burden can be met by a "modest factual showing." *Id.* at 261. Finding that the plaintiffs in *Hoffmann* had met this burden, the court authorized the notice, observing that "courts have endorsed the sending of notice early in the proceeding as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management." *Id.* at 262.

Defendants are correct in pointing out that potential plaintiffs must "opt-in" to an FLSA collective action by signing an authorization. *See Hoffmann*, 982 F.Supp. at 260. However, conditional certification and service of a notice of pendency are the preliminary steps the statute provides to give fair notice to potentially affected employees in order for them, in many instances, to even be aware that they have a right to "opt-in" to the action. Based upon the pleadings and affidavits submitted by Plaintiffs and potential Plaintiff, the Court finds that Plaintiffs have satisfied their minimal burden at this initial stage of this FLSA collective action inquiry. Plaintiffs have set forth a modest factual showing to demonstrate that the fabricators and installers employed by Defendants were alleged to have been subjected to a common policy of being denied overtime compensation. The Court therefore finds that Plaintiff has met the lenient evidentiary standard necessary to warrant the determination, at this stage, that the proposed opt-in plaintiffs are "similarly situated." In addition to Plaintiffs' contentions, the Court's conclusion is further based upon the "substantial allegations" set forth by the potential opt-in plaintiff, Antonio Jimenez, regarding Defendants' failure to pay overtime. *See Sexton*, 2009 WL 1706535, at *5; *Bifulco*, 262 F.R.D. at 213–14. In sum, Plaintiffs "have demonstrated a sufficient 'factual nexus between [their] situation and the situation of other current and former' employees, who were potentially denied minimum and overtime wages." *Sexton*, 2009 WL 1706535, at *9 (quoting *Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 308 (S.D.N.Y.1998)); *Bifulco*, 262 F.R.D. at 215.

The above findings do not suggest that Plaintiffs' claims against Defendants are meritorious. However, the Court does not need to evaluate the merits of the claims in order to determine that a definable group of "similarly situated" Plaintiffs can exist here. *See Hoffmann*, 982 F.Supp. at 262. Further, Defendants' allege that there is no indication in Plaintiffs' motion whether or not the alleged remaining potential class members have actions which are not barred by the statute of limitations. *See* DE 12 at 2. However, such a proffer is not a requirement to have an action conditionally certified. Defendants will have ample opportunity to prove such defenses as this case progresses.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for conditional certification as

a collective action pursuant to Section 216(b) of the FLSA is hereby GRANTED. The parties are directed to: (1) meet and confer regarding the drafting of an agreed upon Notice of Pendency and Consent to Join; and (2) submit the proposed Notice and accompanying documents to the Court within 21 days of this Order.

**SO ORDERED**