Jaime PINEDA, Jorge Reyes, and Mariano Vargas, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

JIM–MAR CONSULTANTS, INC., d/b/a Jim–Mar Marble & Granite, Jim–Mar Marble & Granite of NYC, Inc., d/b/a Jim–Mar Marble & Granite, and James Gambino, an individual, Defendants.

No. CV 09–5266(ADS)(AKT).

United States District Court, E.D. New York.

Oct. 25, 2010.

Marijana F. Matura, Troy L. Kessler, Shulman Kessler LLP, Melville, NY, for Plaintiffs.

John L. Juliano, East Northport, NY, for Defendants.

## ORDER

A. KATHLEEN TOMLINSON, United States Magistrate Judge:

In a September 27, 2010 Memorandum and Decision, 741 F.Supp.2d 398, 2010 WL 3853027 (E.D.N.Y.2010), this Court granted Plaintiffs' motion for conditional certification as a collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA"). Counsel were directed to meet and confer regarding the drafting of an agreed upon Notice of Pendency and Consent to Join and to submit the proposed Notice to the Court within 21 days. *See* DE 19. In a subsequent telephone conference on October 5, 2010, counsel reported that there was a discussion regarding the covered period which should apply to the Notice. This Order is directed to that issue.

In bringing this action, plaintiffs are seeking monetary damages and affirmative relief based upon alleged violations of the FLSA and, where applicable, the New York State Labor Law. Plaintiffs charge that they worked in excess of 40 hours per week and were not compensated at a rate of at least one and one-half times the regular hourly rate for those hours worked in excess of 40 hours, in violation of Section 7 of the FLSA, 29 U.S.C. § 216(b), and Labor Law § 663. In addition, the plaintiffs allege separate causes of action under the FLSA, 29 U.S.C. § 206(a), and the New York State Labor Law § 652(1) and § 663(1), for failure to pay minimum wage and under New York State Labor Law § 663 for violation of the spread of hours wage order of the New York Commissioner of Labor.

In the motion for collective action certification, plaintiffs' counsel previously requested that the Notice of Pendency be sent to current and former employees who have worked for the defendants within six years of the commencement of this lawsuit. The FLSA has a maximum three-year statute of limitations period. *See* 29 U.S.C. § 255. However, Plaintiffs request a six-year period because the state law claims, over which the Court may exercise supplemental jurisdiction, have a six-year statute of limitations period. *See* 28 U.S.C. § 1367.

In similar cases, courts in this Circuit have granted both three and six year periods depending upon the respective court's findings. I find it appropriate and in the interest of judicial economy in this case to allow a six-year period to apply, "even if some recipients of the notice will have claims that are time-barred under the FLSA." *Cano v. Four M Food Corp.,* No. 08–CV–3005, 2009 WL 5710143, at *10 (E.D.N.Y. Feb. 3, 2009). It appears that there may be a number of employees who have both timely FLSA and state law claims. For example, named plaintiff Jaime Pineda alleges that he was employed by the defendants from in and about April 2007 until April of 2009. This lawsuit was filed on December 2, 2009, so three years prior to the commencement of this litigation is December 2, 2006. Because the claims of potential opt-in plaintiffs are tolled on the date their consent forms are filed, *see* 29 U.S.C. § 256(a), the earliest date that a plaintiff in this action may have been last employed by the defendants in order to have a timely claim under the FLSA is December 2, 2006. Named plaintiff Jorge Reyes worked for the defendants from approximately May 2006 January 2007. Some of his claims may be time-barred under the FLSA while others are not and his New York Labor Law claims are timely. The same is true of named plaintiff Mariano Vargas.

Likewise, the number of plaintiffs and potential plaintiffs as represented does not appear to be very high. Given these factors, "it seems logical, efficient, and manageable to compel defendants' production

of these names only once, if possible." *Id.* This Court finds persuasive the reasoning set forth in those decisions of other courts which have allowed a six-year to apply and for a determination of who is eligible to receive the Notice of Pendency. *See Cano,* 2009 WL 5710143, at *10; *Wraga v. Marble Lite, Inc.,* No. 05–CV–5038, 2006 WL 2443554, at *3 (E.D.N.Y. Aug. 22, 2006); *Alcantara v. CNA Management, Inc.,* 264 F.R.D. 61, 66–67 (S.D.N.Y.2009); *Realite v. Ark Restaurants Corp.,* 7 F.Supp.2d 303, 308 (S.D.N.Y.1998); *Harrington v. Educ. Mgmt. Corp.,* No. 02 Civ. 0787, 2002 WL 1343753, at *2 (S.D.N.Y. June 19, 2002).

█ If Plaintiffs move successfully at a later date for class certification of the state law claims, the Court here would have appropriate jurisdiction over those individuals who may have timely claims under state law but not necessarily under the FLSA. *See Cano,* 2009 WL 5710143, at *10; *Jankowski v. Castaldi,* No. 01 CV 0164, 2006 WL 118973, at *9 (E.D.N.Y. Jan. 13, 2006). "Federal courts may, and often do exercise supplemental jurisdiction over state labor law claims, even when those employees' FSLA claims have been dismissed as time-barred." *Wraga,* 2006 WL 2443554, at *3.

For the foregoing reasons, the Court will allow the Notice of Pendency to be circulated to current and former employees, within the applicable group described in the Court's previous Order, who have worked for the defendants within six years prior to the commencement of this lawsuit. The proposed Notice and accompanying documents are to be submitted to the Court within 14 days of this Order.

**SO ORDERED.**